IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM POLAND ) | |
| IN THE MATTER OF ) | Misc. No. 06- |
| CZESZEL ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Poland. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Polish authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Polish authorities seek information from a company in this District and the Delaware Secretary of State's Office. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and

take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Poland and hence the request comes well within those circumstances

contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE,** the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                      Respectfully submitted,

                                      COLM F. CONNOLLY
                                      United States Attorney

BY: /s/ Richard G. Andrews
                     Richard G. Andrews
                     Assistant U.S. Attorney
                     Delaware Bar I.D. No.2199
                     1007 N. Orange Street
                     Wilmington, DE   19801
                     (302) 573-6277

Dated: 10/10/06

Certified translation from the Polish language

*Oblong seal*:
DISTRICT PROSECUTOR'S OFFICE
ul. Kilińskiego 14
P.O. Box No. 195
15-950 Białystok

Białystok, 2004.12.27

I Oz 275/04

**REQUEST**
**for legal assistance in a criminal master**

The Regional Prosecutor's Office Białystok Południe in Białystok is supervising the investigation of number Ds 4831/04 in the matter of the occurring in the period from February 11, 2002 through September 22, 2002 in Białystok leading of Mirosław Czeszel to disadvantageous alienation of property in the amount of 876 994.47 PLN by misleading as to the intention of fulfillment of the terms and conditions of the contracts concluded with Mirosław Czeszel for delivery of metal sections, cement and anthracite, as a result of which prepayments were effected for the amount of 239 504.73 USD for deliveries of goods that have not been executed, that is an offense under article 286 paragraph 1 of the Criminal Code: *Any person who, in order to obtain a property benefit, causes another person to disadvantageously alienate his/her property or someone else's property by misleading the person or taking advantage of his/her mistake or inability to understand properly the activity undertaken, is liable to a penalty of imprisonment for a period from 6 months up to 8 years.*

In the course of the hitherto investigation it has been established that Mirosław Czeszel is the owner of Przedsiębiorstwo Handlowe (Trading Enterprise) "Mirpol" with offices in Białystok. On February 11, 2002 at the offices of the firm "Mirpol" the contract No. 1/Z/2002 was concluded between Przedsiębiorstwo "Mirpol" represented by Mirosław Czeszel and the firm EURO ACQUISITIONS LLC 1013 Centre Road, Wilmington, Delaware 19805 U.S.A. with offices in Vilnius, Lithuania, J. Kolaso 10, represented by General Manager Tadeusas Lavrenovas. The second shareholder of the company represented by Tadeusas Lavrenovas was allegedly his wife Danuta Lavrenoviene. The subject of the contract were to be metal sections of total value of 454,000.00 USD. Payment was to be made by the buyer in the form of advance payment in the amount of 100% of the value of the goods to the account of the seller Number 0000759123 at PAREX BANK in Riga – Latvia, 3 Kr. Smiishn Str. Lv-1522. Mirosław Czeszel, in performance of the provisions of the contract, in the period from March 18, 2002 through September 22, 2002 effected ten advance payments for a total amount of 454,000.00 USD. On May 25, 2002 the parties concluded another contract 2/Z/2002 for delivery of cement. Under this contract, Mirosław Czeszel on May 28, 2002 effected an advance payment of 14,800.00 USD to the account of the seller. Another

contract – 4/Z/2002 was concluded on July 17, 2002 for delivery of anthracite. On August 2, 2002 advance payment was made in the amount of 32,149.49 USD.

Tadeusas Lavrenovas executed eleven deliveries of metal sections in the period from May 6, 2002 through November 25, 2002 of total value of 261,484.75 USD. Deliveries of cement and anthracite have never been executed at all. Tadeusas Lavrenovas therefore failed to deliver contracted goods of total value of 239,504.73 USD, constituting the equivalent of 876,994.47 PLN and did not return the collected money.

The Regional Court of the Central District in Riga on June 10, 2004 in the case number C27123304/5 issued an Order in civil case on request of Przedsiębiorstwo Handlowe "Mirpol" Mirosław Czeszel, applying arrest on the funds of the firm EURO ACQUISITIONS LLC SIA at the "Parekss Banka" (Riga, Smilsu iela 3) for the amount not exceeding 239,504.73 USD.

From the information obtained with the assistance of Interpol it follows that the firm EURO ACQUISITIONS LLC is not shown in the Lithuanian register of companies. Tadeusas Lavrenovas resides in Vilnius at J. Kolaso 10. He was registered as an employee of the firm UAB "ZALGIRO STAKLES" from December 1, 1998 through July 10, 2000 – administrative manager. This firm was located in Vilnius at Pramones 141. the main activity of this firm includes trade in machinery and tools. At the address Vilnius, Pramones 141/2, there was also located the firm "ZALGIRIS", which was liquidated due to bankruptcy on January 26, 2004.

For the needs of the investigation, it is necessary to carry out evidentiary actions on the territory of the USA.

Therefore I kindly request the following:

1/ establishment whether in the territory of the USA there operates the firm EURO ACQUISITIONS LLC with offices at 1013 Centre Road, Wilmington, Delaware 19805, USA, Reg. No. 971175086-2756101, if not, whether it operated in the period from February through December 2002, who is its owner or manager, whether this firm employs or employed Tadeusas Lavrenovas, or Danuta Lavrenoviene, if so, when in what capacity, when and why did he/she stop working there, whether the firm has or had branch offices in Latvia or Lithuania, in particular in Vilnius, what are the addresses of these offices, in what bank(s) they have accounts, in particular whether they used the services of PAREK BANK in Riga, whether these branches employed Tadeusas Lavrenovas, or Danuta Lavrenoviene, if so, when and in what capacity, does the firm know of commercial contacts of Tadeusas Lavrenovas and the firm Mirpol, whether the financial situation of the branch employing Tadeusas Lavrenovas in 2002 permitted fulfillment of the obligations following from the contracts with Mirpol, if not, whether Tadeusas Lavrenovas contacted the management of the firm EURO ACQUISITIONS LLC regarding the execution of the contracts with Mirpol and whether he obtained consent for execution of these contracts,

2/ if Tadeusas Lavrenovas, or Danuta Lavrenoviene conducted talks with the management of the firm in the matter of execution of the contracts with Mirpol, please interview as witnesses the persons participating in such talks as to the circumstances connected with the conclusion of the contracts, what terms and conditions were suggested, whether the financial situation of the branch employing Tadeusas Lavrenovas permitted fulfillment of the contracts, whether he intended to perform on the terms of the contract, if not, why,

3/ secure at the offices of EURO ACQUISITIONS LLC certified copies of documentation related to work performed for this firm by Tadeusas Lavrenovas and Danuta Lavrenoviene.

I kindly request drafting of records of all actions executed with the participation of witnesses.

Article 143 paragraph 1 item 2 of the Code of Criminal Procedure provides:
The following actions require records to be taken on:
Item 2 - interview of a defendant, witness, expert and probation officer;

Prior to commencement of interview of witnesses, please have them advised of criminal responsibility for false testimony and have them sign an appropriate statement about having been warned of the above.

Criminal responsibility for false testimony is provided for by article 233 of the Polish Criminal Code:
paragraph 1. Any person who, while giving testimony which is going to serve as evidence in court proceedings or other proceedings being conducted on the basis of a law, gives false evidence or withholds the truth is liable to imprisonment for a period of up to 3 years.

paragraph 2. A condition for such liability is that the person hearing the testimony, acting within the limits of his/her authority, has warned the person giving testimony against criminal liability for giving false evidence or has heard an oath from the testifier.

DEPUTY
DISTRICT PROSECUTOR
/-/ illegible signature
Bazyli Telentejuk

*Official round seal with the national emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN BIAŁYSTOK".



## Excerpt
## from the regulations of the Polish Criminal Code

**Article 286 paragraph 1**

Any person who, in order to obtain a property benefit, causes another person to disadvantageously alienate his/her property or someone else's property by misleading the person or taking advantage of his/her mistake or inability to understand properly the activity undertaken, is liable to a penalty of imprisonment for a period from 6 months up to 8 years.

**Article 101 paragraph 1**

An offence may not be prosecuted upon the expiration of the following periods from the time of its perpetration:
1) 30 years – if the act is a felony of homicide;
2) 20 years – if the act is another felony;
3) 10 years – if the act is a crime amenable to a penalty of imprisonment exceeding 3 years;
4) 5 years – if the act is amenable to a penalty of imprisonment not exceeding 3 years;
5) 3 years – if the act is amenable to a penalty of restriction of liberty or that of a fine.

**Article 102**

If proceedings are initiated against a person within a period provided for by article 101, then the offence committed by the person ceases to be punishable with the lapse of 5 years from the end of such a period.

*Oblong seal:*
Conformity certified by

*Oblong seal:*
PROSECUTOR of the
DISTRICT PROSECUTOR'S OFFICE
/-/ illegible signature
Elżbieta Korwell

*Official round seal with the national emblem of the Republic of Poland in the center and the following inscription on the rim:* "DISTRICT PROSECUTOR'S OFFICE IN BIAŁYSTOK".

---

*Repertory No. 69/2005*

*I, the undersigned, Ryszard Pruszkowski, sworn translator of the English language for the District Court of the City of Warsaw, hereby certify that the above text is a true and complete translation of the original Polish document.*

*Warsaw, January 19, 2005*

**Certified translation from the Polish language**

*Oblong stamp:*
District Public Prosecutor's Office
ul. Kilińskiego 14
Skrytka pocztowa Nr 195
15-950 Białystok

Białystok, November 16th, 2005

I Oz 275/04

### ATTACHMENT TO THE REQUEST FOR LEGAL ASSISTANCE IN A CRIMINAL CASE (DATED DECEMBER 27TH, 2004 AND APRIL 19TH, 2005)

In relation to the request dated December 27th, 2004 and dated April 19th, 2004 regarding legal assistance in the criminal case Ds 4831/04 by the District Public Prosecutor's Office Białystok Południe in Białystok and in consideration of the doubts of the country applied to, expressed in the letter dated September 2nd, 2005, I would like to inform you that the files of the aforementioned criminal case show the following state of affairs:
Mirosław Czeszel is the owner of Przedsiębiorstwo Handlowe "Mirpol" based in Białystok. On February 11th, 2002 at the seat of his company "Mirpol", Mirosław Czeszel concluded agreement with Tadeusas Lavrenovas, pursuant to which Tadeusas Lavrenovas, as the president of Euro Acquisitions LLC 1013 Center Road, Wilmington, Delaware 19805, USA was to supply Mirosław Czeszel with metal profiles. On the wirtue of this Contract Mirosław Czeszel made 10 prepayments for the total amount of USD 454,000.00 for the benefit of Tadeusas Lavrenovas, and the latter has supplied metal profiles to Mirosław Czeszel, worth USD 261,484.76. **Tadeusas Lavrenovas failed to meet his obligations under the agreement and did not supply the goods worth USD 191,515.24.**
Another agreement between Mirosław Czeszel and Tadeusas Lavrenovas was concluded on May 25th, 2002, and referred to supply of cement by Tadeusas Lavrenovas. **Mirosław Czeszel made prepayment in amount of USD 14,800.00 in favor of Tadeusas Lavrenovas, and the latter did not supply the cement.**
Next agreement was concluded in July 2002, and pursuant to it Tadeusas Lavrenovas was to supply anthracite to Mirosław Czeszel. **In realization of the aforesaid agreement, Mirosław Czeszel made a prepayment in favor of Tadeusas Lavrenovas in amount of USD 32,149.49, and Tadeusas Lavrenovas did not supply the goods ordered.**
Mirosław Czeszel several times contacted Tadeusas Lavrenovas by phone, demanding supply of the rest of goods ordered, or money repayment. Tadeusas Lavrenovas ensured Mirosław Czeszel that if he makes subsequent payments, Tadeusas Lavrenovas will meet his contractual obligations. Tadeusas Lavrenovas mislead Mirosław Czeszel in respect of his possibilities of agreement realization of the contractual deliveries, and then after Mirosław Czeszel has made the prepayments, Tadeusas Lavrenovas only partially met his obligations under the first agreement regarding supply of the metal profiles, but in whole failed to satisfy the demands of the contract in respect of supplies of the cement and anthracite, thus acting to the detriment of Mirosław Czeszel.
Summing up, **Mirosław Czeszel – Przedsiębiorstwo Handlowe "Mirpol" in Białystok is the injured party in the case, and Tadeusas Lavrenovas – president of of Euro Acquisitions LLC is the person who failed to meet his contractual obligations.**

As it has been indicated hereinabove, the case under question refers to **fraud to the detriment of Mirosław Czeszel.** According to the materials gathered in the course of the proceedings, during the period between February 11th, 2002 and September 22nd, 2002 in Białystok, he was lead by Tadeusas Lavrenovas – President of Acquisitions LLC to unfavorable administration of property in amount of PLN 876,994.47, by misleading Mirosław Czeszel in respect of his intention of meeting the conditions of the agreement regarding supply of metal profiles, cement, and anthracite. According to the evidence gathered in the case, it is highly probable that Tadeusas Lavrenovas from the very beginning had no intention to realize the supplies of the aforementioned goods, and his aim was only to beguile money from the injured party.
Therefore, the request regarding actions indicated in the requests for legal assistance dated December 27th, 2004 and dated April 19th, 2005 stile remains valid.

Deputy of the District Public Prosecutor
Andrzej Bura
*(-) signature illegible*

*Round official stamp with the national emblem of the Republic of Poland inside, and the following circumscription*: District Public Prosecutor's Office in Białystok

---

*Repertory No. 1471/2005*

*I, the undersigned, Ryszard Pruszkowski, sworn translator of the English language for the District Court of the City of Warsaw, hereby certify that the above text is a true and complete translation of the original Polish document.*

*Warsaw, December 29, 2005*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM POLAND ) | |
| IN THE MATTER OF ) | Misc No. 06- |
| CZESZEL ) | |

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Poland whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Poland and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that Richard G. Andrews, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Polish authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court

in Poland, which procedures may be specified in the request or provided by the Polish authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Polish authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2006.

_____
United States District Court Judge